IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:09CV106-1-V
5:06CR22-V

| | |
|---|---|
| DONZEL FREDERICK STINSON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **O R D E R** |

**THIS MATTER** comes before the Court for an initial review of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1), filed September 21, 2009. For the reasons stated herein, Petitioner's Motion to Vacate is dismissed.

## PROCEDURAL HISTORY

On April 26, 2006, Petitioner was one of twenty-three individuals named in a thirty-count Bill of Indictment. (5:06cr22: Doc. No. 3.) The Indictment charged Petitioner with conspiracy to possess with intent to distribute greater than 50 grams of cocaine base and greater than 5 kilograms of cocaine in violation of 21 U.S.C. § 846. On May 8, 2006, the Government filed a Notice of Intention to Seek Enhanced Penalty pursuant to 21 U.S.C. § 851. (5:06cr22: Doc. No. 40.) On May 30, 2006, a Supplemental § 851 Notice was filed. (5:06cr22: Doc. No. 97.) On July 11, 2006, at his Rule 11 hearing, Petitioner entered a straight-up guilty plea to the 21 U.S.C. § 846 charge. (5:06cr22: Doc. No. 207.) On February 29, 2008, the Government filed a Notice of Withdrawal of the § 851 Notice. (5:06cr22: Doc. No. 638.) On March 3, 2008,

Petitioner failed to appear for his sentencing hearing. On September 8, 2008, this Court sentenced Petitioner to one-hundred and sixty-eight months imprisonment. Judgment was entered on September 18, 2008. (5:06cr22: Doc. No. 788.) Petitioner did not directly appeal his sentence and conviction to the United States Court of Appeals for the Fourth Circuit.

Rather, on September 17, 2009,[1] as his limitation period was about to expire, Petitioner timely filed the instant Motion to Vacate, Set Aside, or Correct Sentence. (Doc. No. 1.) In his Motion to Vacate Petitioner argues that his guilty plea was involuntary and that he received ineffective assistance of counsel. In his Motion to Vacate, Petitioner requested additional time to file a memorandum in support of his motion. On October 26, 2009, this Court entered an Order giving Petitioner twenty days from the date of the Order in which to file a memorandum supporting the claims asserted in his Motion to Vacate. (Doc. No. 2.) On November 9, 2009, Petitioner filed a document stating that he would like additional time but that he would stand by what he had already submitted.

## ANALYSIS

## I. INITIAL REVIEW AUTHORITY

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and

---

[1] In Houston v. Lack, 487 U.S. 266 (1988), the United States Supreme Court held that a pro se prisoner's notice of appeal is deemed filed as of the date on which a prisoner delivers the notice of appeal to prison authorities for forwarding to the district court. Id. at 276. Applying the reasoning of the Houston case to Petitioner's filing of his Motion to Vacate, his Motion to Vacate would be deemed filed on the date he delivered it to prison officials for forwarding to the district court. Reviewing Petitioner's filing and applying the rule set forth in Houston, this Court finds that based on the information presently before this Court, Petitioner's § 2255 motion should be deemed filed on January 17, 2009, which is the date that Petitioner's filing is postmarked.

the record of prior proceedings . . . " in order to determine whether a petitioner is entitled to any relief on the claims set forth therein. In the event it is determined that a petitioner is not entitled to relief, the reviewing Court must dismiss the motion.

Following such directive, this Court has reviewed Petitioner's Motion to Vacate and the pertinent record evidence. As hereafter explained, such review clearly establishes that Petitioner is not entitled to any relief on his claims.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

### A. Standard of Review

Petitioner's contention that he received ineffective assistance of counsel is governed by the holding in Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In Strickland, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby, that is, there is a reasonable probability that but for the error, the outcome would have been different. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; Fields v. Attorney General of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 865 (1995). Petitioner bears the burden of proving Strickland prejudice. Fields, 956 F.2d at 1297. If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290.

Moreover, a petitioner who alleges ineffective assistance of counsel following the entry of a guilty plea has an even higher burden to meet. Hill v. Lockhart, 474 U.S. 52, 53-59 (1985). When a petitioner challenges a conviction entered after a guilty plea, in order to establish the requisite prejudice, such a petitioner must show that "there is a reasonable probability that but

for counsel's errors he would not have pleaded guilty and would have insisted on going to trial." Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. ), cert. denied, 488 U.S. 843 (1988). Claims of ineffective assistance of counsel at sentencing after a guilty plea require a petitioner to establish that a reasonable probability exists that absent the alleged error, the results of the proceeding would have been different. United States v. Mayfield, 320 Fed. App'x 190, 191 (4th Cir. 2009).

### B. Involuntary Plea

Petitioner alleges that he received ineffective assistance of counsel because his counsel did not properly advise him with regard to his plea. More specifically, Petitioner alleges that his counsel never informed him that he faced a mandatory minimum sentence.

Even if Petitioner's counsel did not properly inform Petitioner with regard to his sentencing exposure, Petitioner's ineffective assistance of counsel claim on this basis fails because he cannot establish that he was prejudiced. At his Rule 11 hearing,[2] the Petitioner swore under oath[3] that he understood that the mandatory minimum penalty he faced was life imprisonment.[4] (5:06cr22: Doc. No. 207 ¶ 9.) In addition, Petitioner swore that he

---

[2] The Court has listened to the recording of Petitioner's Rule 11 hearing and heard nothing to indicate that Petitioner's guilty plea was unknowing or involuntary.

[3] In reaching a decision on this case the Court, in accordance with the law, has placed great weight on the Petitioner's representations at his Rule 11 Hearing. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977)(representations made by a defendant at a plea hearing, as well as any findings made by the judge, constitute a formidable barrier in any subsequent collateral proceeding); see also United States v. DeFusco, 949 F.2d 114,119 (4th Cir. 1991)(statements made by a defendant during a Rule 11 proceeding constitute strong evidence of the voluntariness of the plea).

[4] At Petitioner's plea hearing, the Court informed Petitioner that, based upon the two prior convictions listed in the § 851 notice filed by the Government, he faced a minimum sentence of life imprisonment. The Court noted that if the two prior convictions were ultimately considered to be one conviction, Petitioner would face a mandatory minimum sentence of twenty years imprisonment. (FTR 7/11/2006 Recording, 10:15 a.m.) Petitioner affirmatively responded

understood that the Court was unable to determine the applicable sentencing range until after his pre-sentence report was prepared. (5:06cr22: Doc. No. 207 ¶ 11.) He further stated that he realized that his sentence could be higher or lower than the guideline range and that his sentence might be more severe than he expected. (5:06cr22: Doc. No. 207 ¶ 14.) Significantly, Petitioner swore under oath that no one had made him a promise of leniency to induce him to plead guilty. (5:06cr22: Doc. No. 207 ¶ 24.) When asked about his counsel, Petitioner made a complimentary statement. (5:06cr22: Doc. No. 207 ¶ 27.) When asked if he had any questions or would like to make any statements, Petitioner declined to make a statement. (5:06cr22: Doc. No. 207 ¶ 29.) Based upon this record, this Court concludes that Petitioner was aware that he faced a mandatory minimum sentence of life imprisonment. As such, even if his counsel misinformed him as to his sentence exposure, any such misinformation was offset by the questions at his plea hearing. Consequently, Petitioner cannot establish that he was prejudiced and his ineffective assistance of counsel claim on this basis fails.

Petitioner also asserts that his counsel was ineffective because "he did not want to sign the plea but, due to his mother's poor health at the time and, his need to be released on pre-trial Intervention, he signed the plea." Defense counsel is not responsible for assessing the reasons motivating a defendant to sign a plea agreement. Indeed, counsel did not create in any way any of these "pressures" that Petitioner now asserts caused him to plead guilty. Petitioner has failed to state a claim of ineffective assistance of counsel on this basis.

### C. Prior Convictions

Petitioner alleges that his counsel was ineffective because he failed to inform him that he

---

that he understood such was the mandatory minimum sentence to which he was pleading guilty.

could challenge prior convictions.

Again Petitioner's claim fails because it is overly vague and entirely conclusory. The Fourth Circuit has made it clear that "[u]nsupported conclusory allegations do not entitle habeas petitioner to an evidentiary hearing." Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), cert. denied, 507 U.S. 923 (1993), abrog'n on other grounds recog'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999). Rather, a petitioner must come forward with some evidence that the claim asserted might have merit. Id. In the instant case, Petitioner has provided no factual basis whatsoever to support this extremely vague claim of ineffective assistance of counsel. For example, Petitioner does not identify which prior convictions should have been challenged. Nor does Petitioner state on what basis any prior convictions should have been challenged.[5] This Court finds Petitioner's allegations wholly insufficient to state a claim and his claim is dismissed on that basis.

### D. Copies of Presentence Report

Petitioner also alleges that his counsel was ineffective for failing to make copies of Petitioner's presentence report available to Petitioner.

The Court has listened to a recording of Petitioner's sentencing hearing. At his sentencing hearing Petitioner, swore under oath that he had carefully reviewed a copy of the presentence report with his attorney. Petitioner further stated, under oath, that he and his

---

[5] In general the validity of prior state court convictions are not proper arguments before a federal sentencing court. See e.g., Custis v. United States, 511 U.S. 485, 497 (1994)(holding that, generally, a defendant may not attack a predicate offense underlying a statutorily mandated sentence enhancement through a federal sentencing proceeding); United States v. Bacon, 94 F.3d 158, 163 (1996)(extending Custis holding to Guideline cases); Daniels v. United States, 532 U.S. 374 (2001) (holding that in general a petitioner may not collaterally challenge the validity of a prior state court conviction used to enhance his sentence under the Armed Career Criminal Act).

attorney had discussed the presentence report in detail. Consequently, Petitioner has failed to establish that his counsel's performance was deficient or that he suffered any prejudice and this claim is dismissed.

  **E. New Cocaine Base Law**

Petitioner also alleges that his counsel was ineffective for failing to request a reduction based upon the new 2007 crack law. Petitioner's counsel did not request a reduction based upon the new crack cocaine law because the Guidelines used to calculate Petitioner's revised presentence report already incorporated the change. As such Petitioner's counsel's performance was not deficient and Petitioner was not prejudiced.

  **F. Failure to Dipose [sic] the Credibility of Witnesses**

Petitioner also alleges that his counsel was ineffective for failing to "dipose the credibility and statements of questionable individuals who were being used as witnesses against petitioner."

Again, Petitioner's claim fails because it is overly vague and entirely conclusory. As already stated, the Fourth Circuit has made it clear that "[u]nsupported conclusory allegations do not entitle habeas petitioner to an evidentiary hearing." Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), cert. denied, 507 U.S. 923 (1993), abrog'n on other grounds recog'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999). Rather, a petitioner must come forward with some evidence that the claim asserted might have merit. Id. Here, Petitioner has provided no factual basis whatsoever to support this extremely vague claim of ineffective assistance of counsel. For example, Petitioner does not identify which witnesses were not credible and why. This Court finds Petitioner's allegations wholly insufficient to state a claim and his claim is dismissed on that basis.

### G. Plea Hearing Issues

Petitioner also alleges that counsel "never brought up issues that were important to the petitioner during the plea hearing." Suffice it to say this incredibly general allegation is insufficient and this claim is dismissed. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), cert. denied, 507 U.S. 923 (1993), abrog'n on other grounds recog'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999).

**THEREFORE, IT IS HEREBY ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is **DISMISSED**; and

2. It is further ordered that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong)(citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

Signed: March 31, 2010

Richard L. Voorhees
United States District Judge